# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Owners Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:17-cv-2215-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cruz Accessories a/k/a H&C Corp. and Michael Summer, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on Defendants Cruz Accessories and Michael Summer's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 8). For the reasons set forth herein, Defendants' motion is denied.

## BACKGROUND AND PROCEDURAL HISTORY

Defendant Cruz Accessories sells jewelry. In August 2016, World End Imports sued Cruz Accessories and its owner, Defendant Michael Summer, for alleged copyright infringement and unfair competition in the United States District Court for the District of New Jersey (the "underlying litigation"). Plaintiff Owners Insurance insured Cruz Accessories under a commercial general liability insurance policy. Under the policy, Plaintiff agreed to defend and indemnify Cruz Accessories if it was sued for certain personal or advertising injuries. Plaintiff has been providing a defense in the underlying litigation, but brings the present declaratory judgment action because it believes the underlying litigation is not covered by Cruz Accessories' insurance policy. Defendants argue this Court lacks subject matter jurisdiction and moved to dismiss under Rule 12(b)(1) on October 30, 2017. Plaintiff responded on November 10, and Defendants replied on November 17. Accordingly, this matter is now ripe for review.

## LEGAL STANDARD

"When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* "The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* Where "the moving party asserts that the 'jurisdictional allegations of the complaint are not true,' . . . the court may look beyond the complaint and consider other evidence, such as affidavits, depositions, and live testimony." *Clifton v. Nationstar Mortg., LLC*, No. 3:12-cv-2074-MBS, 2013 WL 789958, at *2 (D.S.C. Mar. 4, 2013) (quoting *Adams v. Bain*, 697 F.3d 1213, 1219 (4th Cir. 1982)).

## DISCUSSION

Defendants seek dismissal pursuant to Rule 12(b)(1) on the ground that this declaratory judgment action does not meet the amount-in-controversy requirement for diversity jurisdiction, and thus the Court lacks subject matter jurisdiction. Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Defendants do not contest diversity of citizenship, but argue that the amount in controversy in this declaratory judgment action does not exceed $75,000.

The amount in controversy stated in a plaintiff's complaint generally controls, so long as it is made in good faith. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010). A federal court may dismiss a claim for failing to meet the amount-in-controversy requirement only if "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Francis v. Allstate Ins. Co*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)); *see also Gov't Emps. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964) ("the amount in controversy is the pecuniary result to either party which [a declaratory] judgment would produce"). When an insurer seeks a declaratory judgment that it does not have a duty to defend or indemnify an insured party in an underlying action, the amount in controversy includes the amount at issue in the underlying action and the cost of the defense in the underlying action. *Francis*, 709 F.3d at 367–68.

Defendants argue that the amount in controversy for the present action is measured solely by the amount in controversy in the underlying litigation. They argue that the value of the underlying litigation can be measured by the revenue from the allegedly copyrighted jewelry (allegedly $40,000), or by the profits from those sales (allegedly less than $15,000), or by one of the settlement offers from that action. Defendants acknowledge that the underlying plaintiff, World End, seeks punitive damages, but they argue these cannot be included in valuing the underlying litigation because (1) World End did not cite a specific statute that would entitle them to punitive damages, and (2) their punitive damages claim will be preempted. Similarly, they argue that World End's attorney's fees cannot be included because any claim for recovery of

attorney's fees will also be preempted.  Defendants do not cite any cases in support of either of their preemption arguments.

The Court need not delve into each of these under-supported arguments because they do not approach a showing of a "legal certainty" that the amount in controversy does not exceed $75,000.  This is largely because Defendants have misconstrued the amount-in-controversy calculation, measuring it solely based on the amount-in-controversy in the underlying litigation. The Fourth Circuit, applying *Hunt*, has made clear that when an insurer seeks a declaratory judgment that it has no obligation to defend or indemnify the insured, the amount in controversy is the value of the underlying litigation *as well as* the cost of the defense in the underlying action. *Francis*, 709 F.3d at 367.  If this Court issued the declaratory judgment Plaintiff seeks, the "pecuniary result," *Gov't Emps. Ins. Co.*, 327 F.2d at 569, would be that Defendants would have to pay any judgment that results from the underlying litigation, *and* could be required to reimburse Plaintiff for the cost of their defense.  According to an affidavit of Plaintiff's employee, from the start of the underlying litigation in August 2016 through October 2017, Plaintiff has spent $53,517.62 on Defendants' defense.  At that time, there were still months of discovery left.  If the case proceeds to trial, the cost of their defense alone could exceed $75,000.

As for the amount at issue in the underlying litigation, Plaintiff points to the deposition of World End's founder and CEO, who estimated that World End lost $100,000 in profits as a result of Defendants' alleged copyright infringement.  Defendants argue the underlying litigation is only worth $15,000, the profit they made from the sale of the allegedly copyrighted goods. Defendants cannot limit the amount at issue in the underlying claim to the profits they received though, because 17 U.S.C. § 504(b) provides that a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, **and** any profits of the

4

infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b) (emphasis added). Thus, it is possible that Defendants will have to pay World End the amount of its actual damages as well as the $15,000 Defendants made from their alleged infringement. While World End's damages have not been conclusively established, Defendants' profits are only a portion of what World End could recover in the underlying litigation. Defendants' attempt to limit the value of the underlying litigation to World End's settlement demands is also unavailing. In another declaratory judgment action that also involved an insurer seeking a declaration that it had no obligation to defend or indemnify the insured, this Court said, "A settlement demand is not a stipulation of damages." *Lighthouse Prop. Ins. Corp. v. Rogers,* No. 9:17-cv-1553-RMG, 2017 WL 3634593, at *2 (D.S.C. Aug. 22, 2017). Even assuming that the claims for World End's attorney's fees and punitive damages[1] are preempted, Defendants have not established an upper limit to World End's recovery, as a matter of legal certainty.

The Court finds that Plaintiff exercised good faith when it asserted that the financial impact of this declaratory judgment action, which includes Plaintiff's liability for the legal defense and indemnification of Defendants, exceeds $75,000.

---

1. While the Court need not address whether the punitive damages claim in the underlying litigation is preempted, this Court has said that a "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount." *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999).

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Defendants' motion to dismiss is **DENIED**.

AND IT IS SO ORDERED.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**February 15, 2018**
**Charleston, South Carolina**